**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles A. Gulden, ) | No. CV-10-2555-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| John McHugh, Secretary of the Army, et al., ) | |
| Defendants. ) | |

We have before us defendant's motion to dismiss (doc. 11), plaintiff's response (doc. 12), defendant's reply (doc. 46), and plaintiff's objection (doc. 15). Plaintiff is a civilian employed at the U.S. Army Yuma Proving Ground ("YPG"). Plaintiff alleges that defendants unlawfully retaliated and discriminated against him when defendant United States Army suspended him without pay, and that defendant unlawfully dismissed his EEO complaint . Complaint ¶¶ 5–6 (doc. 1).

**I**

On July 13, 2009, defendant issued a Notice of Proposed 14 Day Suspension, charging plaintiff with the offense of discourtesy, related to comments plaintiff allegedly made to or about three female colleagues. Complaint, ex. 1, "Notice of Proposed Suspension." On August 17, 2009, the Acting Technical Director of YPG approved the proposed fourteen day suspension, and notified plaintiff of his right to grieve the suspension though the negotiated union grievance procedure, and of his right to file a complaint of discrimination with the

1 YPG Equal Employment Opportunity Office. <u>Complaint</u>, ex. 4, "Suspension Decision" at
2 23. Plaintiff then initiated the grievance process through an email to a staff member of the
3 YPG Personnel Advisory Center. <u>Complaint</u>, ex. 5, "Email of 08/20/2009." Col. Thomas
4 Payne reviewed plaintiff's Step One grievance, and sustained the suspension decision.
5 <u>Complaint</u>, ex. 6, "Step 1 Grievance Decision." That decision notified plaintiff of his right
6 to file a Step Two Grievance, and the procedure for doing so. <u>Id</u>. ¶ 3. Defendant's
7 suspension was effected on September 14, 2009, with a return to duty date of September 28,
8 2009. <u>Complaint</u>, ex. 7, "Notification of Personnel Action."

9 On October 26, 2009, plaintiff contacted an Equal Employment Office ("EEO")
10 counselor, and on November 23, 2009, plaintiff filed an EEO Formal Complaint of
11 Discrimination, alleging his suspension constituted retaliation, discrimination, and sexual
12 harassment. <u>Complaint</u>, ex. 9, "Formal Complaint of Discrimination." Defendant dismissed
13 the complaint because it constituted an impermissible collateral attack on the grievance
14 decision, and because he raised the matter in a negotiated grievance procedure, thereby
15 electing to pursue the non-EEO process. <u>Complaint</u>, ex. 10, "Dismissal Letter." On June 17,
16 2010, the Equal Employment Opportunity Commission ("EEOC") upheld defendant's
17 dismissal of plaintiff's EEO complaint because plaintiff had elected to pursue the matter
18 through the grievance procedure. <u>Complaint</u>, ex. 12, "EEOC Decision." The EEOC also
19 denied plaintiff's request for reconsideration. <u>Complaint</u>, ex. 14, "EEOC Denial."

20 Plaintiff claims that defendant's dismissal of his November 23, 2009 complaint was
21 unlawful, and requests that we remand his complaint for further investigation. Defendants
22 move to dismiss on the grounds that plaintiff failed to exhaust administrative remedies, or
23 alternatively, that plaintiff did not timely initiate contact with an EEO counselor.

**II**

25 Plaintiff must exhaust his administrative remedies before bringing a Title VII claim
26 in federal court. <u>See</u> <u>Brown v. General Services Administration</u>, 425 U.S. 820, 832, 96 S.Ct.
27 1961, 1968 (1976) (as precondition to civil action, "complainant must seek relief in the
28 agency that has allegedly discriminated against him."); <u>see also</u> <u>Vinieratos v. U.S., Dept. of</u>

Air Force Through Aldridge, 939 F.2d 762, 767–68 (9th Cir. 1991) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit."). Plaintiff had the choice to pursue his discrimination claim under a statutory procedure or a negotiated grievance procedure in accordance with the applicable collective bargaining agreement, but not both. See 5 U.S.C. § 7121(d) (employee may raise discrimination claim "under a statutory procedure or the negotiated procedure, but not both."); 29 C.F.R. § 1614.301(a) ("When a person is employed by an agency subject to 5 U.S.C. 7121(d) and is covered by a collective bargaining agreement that permits allegations of discrimination to be raised in a negotiated grievance procedure, a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under either part 1614 or the negotiated grievance procedure, but not both."). A covered employee's choice of procedures becomes final when he "timely initiates an action under the applicable statutory procedure or timely files a grievance in writing, in accordance with the provisions of the parties' negotiated procedure, whichever event occurs first." 5 U.S.C. 7121(d).

Plaintiff irrevocably elected to pursue the grievance procedure when he requested in writing that Colonel Payne initiate Step One grievance discussions. Plaintiff wrote that he made this request in accordance with "the 17 August 2009 Notice of Decision and YPG/AFGE Union Agreement, Article 22." Complaint, ex. 5, "Email of 08/20/2009." That decision permanently precluded review of his claims under the EEO procedure. See 29 C.F.R. § 1614.107(a)(4). Therefore, defendant properly dismissed plaintiff's EEO complaint because plaintiff raised the same matter through the grievance procedure.

Plaintiff argues that the claims in his EEO complaint are not the same as those he asserted in his grievance. He claims that his grievance addressed "preliminary matters leading up to his suspension," while he raised the actual suspension for the first time in his EEO complaint. Response at 2. This attempt to distinguish defendant's decision to suspend plaintiff and plaintiff's actual suspension is without merit. Plaintiff's proposed suspension became effective upon defendant's issuance of a Notice of Decision on August 17, 2009.

- 3 -

1  Suspension Decision at 15. This decision underlies both plaintiff's grievance and his EEO
2  complaint, not the actual suspension which was the inevitable effect of the allegedly
3  discriminatory decision. See Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct.
4  498, 504 (1980) ("the only alleged discrimination occurred . . . at the time the tenure decision
5  was made and communicated to Ricks" as "proper focus is upon the time of the
6  discriminatory acts, not upon the time at which the consequences of the acts became most
7  painful."). Therefore, defendant properly dismissed plaintiff's EEO complaint because his
8  election to file a union grievance precluded review of his subsequent EEO complaint on the
9  same matter.

10  By improperly filing an EEO complaint rather than completing the four step union
11  grievance process, plaintiff abandoned the grievance process. See Motion to Dismiss, ex.
12  3, "Contract between AFL-CIO, Local 2104, and U.S. Army Yuma Proving Ground" at 45.
13  Plaintiff thereby failed to exhaust his elected procedure, and is prohibited from bringing a
14  Title VII claim in federal court.[1]

15  Therefore, **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 11).
16  **IT IS FURTHER ORDERED** striking plaintiff's objection (doc. 15) as not allowed by
17  LRCiv 7.2.

18  DATED this 11th day of April, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Because we conclude that plaintiff's election of the collective bargaining grievance procedure precludes his EEO complaint, we do not reach defendant's alternative contention that plaintiff's EEO complaint was not timely initiated.